```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF NEW YORK
    ------------------------------X
                                  :
    UNITED STATES OF AMERICA,     :
                                  :        CR-00-1BROOKLYN OFFICE
              v.                  :
                                  :        June 21, 2001
    CHARLES THOMAS, et al.,       :
                                  :        Brooklyn, New York
                                  :
              Defendant.          :
    ------------------------------X
```

FILED — Aug 19 2005 — BROOKLYN OFFICE — U.S. E.D.N.Y.

TRANSCRIPT OF CRIMINAL CAUSE FOR HEARING
BEFORE THE HONORABLE NICHOLAS G. GARAUFIS
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Government:   ROSLYNN R. MAUSKOPF, ESQ.
                      UNITED STATES ATTORNEY
                      BY: SETH LEVINE, ESQ.
                      ASSISTANT U.S. ATTORNEY
                      225 Cadman Plaza East
                      Brooklyn, New York  11201


For the Defendant:    STUART SHAW, ESQ.



Audio Operator:



Court Transcriber:    ARIA TRANSCRIPTIONS
                      c/o Elizabeth Barron
                      328 President Street, #3
                      Brooklyn, New York 11231
                      (718) 522-2335


Proceedings recorded by electronic sound recording,
transcript produced by transcription service

```
 1        THE CLERK:  Criminal cause for status conference.
 2   United States of America versus Charles Thomas, et al.
 3   Counsel, please step forward and state your appearances for
 4   the record.
 5        MR. LEVINE:  Good morning, your Honor.  Seth
 6   Levine for the government.
 7        MS. NEWMAN:  Good morning, your Honor.  Donna R.
 8   Newman for Linda Dowd.
 9        MR. SHAW:  Good morning, your Honor.  Stuart R.
10   Shaw.  I represent Charles Thomas.
11        MR. LEVINE:  Your Honor, the other remaining
12   defendant in this case is Alex Jefferson.  I believe that
13   there's been a miscommunication with Mr. Jefferson's
14   attorney, Ms. Hays, about the scheduling of this.  She had
15   previously submitted a letter to the Court.  There'll be a
16   disposition in that matter it appears.
17        And so I've tried to contact Ms. Hays.  I'm quite
18   sure it is not an intentional matter.  I will have her
19   submit a letter to the Court explaining circumstances.  But
20   I put that on the record so there's no confusion.  But Mr.
21   Jefferson continues to be in the case.
22        THE COURT:  Okay.  So, you've let the Court know
23   what the status is with Mr. Jefferson.
24        MR. LEVINE:  Yes.  As far as I know, there'll be
25   no disposition, but one never knows.  I can bring the Court
```

1  up to date on where we are if you like?

2              THE COURT: Please.

3              MR. LEVINE: Your Honor, I have provided some
4  discovery to both defendants already. We've had some
5  communications about other matters on materials that they
6  want. While we've been here I will endeavor to provide what
7  the government thinks is appropriate of anything additional.
8  If the government does not think we have anything else
9  that's appropriate to share, we will tell that promptly to
10 the defendants.

11             I've made arrangements with one defense counsel to
12 also come to my office later in the summer to review any
13 other materials. I believe, your Honor, that right now
14 there is no disposition that's going to be handled today. I
15 think there still is the possibility the disposition,
16 because it's a fraud case, I think the defendants are
17 unsurprisingly interested in looking at more of the paper
18 record.

19             So, what we have, at least tentatively, discussed
20 is setting a briefing schedule so that if, in fact, this
21 matter does not resolve itself with dispositions, there's a
22 motion schedule that, I believe, has been proposed, your
23 Honor, that I think is acceptable to the parties.
24 Obviously, they can speak for themselves. And I would ask
25 that the time between then and the motion to brief to be

1  excluded both in the interest of justice.
2          MS. NEWMAN:  I agree, your Honor.
3          THE COURT:  Okay, alright.
4          MR. SHAW:  I agree, also, your Honor.  I just
5  wanted to mention one thing.  The Assistant U.S. Attorney
6  was kind enough to agree to a date for me to come in over
7  the summer in case there's more material for me to
8  personally view it.
9          Many years ago I was a CJA attorney.  I haven't
10 taken an assignment in many, many years.  But in those days
11 we were permitted to ask the Court if we weren't assigned to
12 assign an investigator if my client would submit an
13 affidavit and his family.  His family is paying me.  They
14 have children in college.  It's very difficult for them to
15 pay me.  They really don't have the funds for an
16 investigator.
17         At this juncture in time, I don't see the need for
18 it.  But when I come to his office, in the event that I need
19 an investigator, I'd like to have some mechanism where I
20 could speedily approach the bench to obtain the
21 investigator.  If there's some kind of affidavit that he has
22 to file, we'll be happy to file that he doesn't have the
23 funds.
24         THE COURT:  Well, let's cross that bridge when we
25 come to it.  If after reviewing the materials, you want to

1  make an application to the Court, send the Court a letter.
2          MR. SHAW:  Okay.
3          THE COURT:  You know, with copies to all counsel.
4  And they'll have an opportunity to respond and I'll take a
5  look at it.
6          MR. SHAW:  Okay.
7          THE COURT:  I haven't had this kind of a request
8  before.  So, I'll have to look carefully at it and I'll see
9  if it's appropriate.  And if I have the authority and if
10 it's appropriate under the circumstances, I'll give it every
11 consideration.
12         MR. SHAW:  For instance, your Honor, just one
13 note.  The principle allegation against my client is that he
14 purchased something at a Wiz store here in Brooklyn.  I
15 would just have the investigator go and take a photograph of
16 the store, you know, where if there are any surveillance
17 cameras.
18         So far, I haven't been shown any surveillance
19 photos or anything.  Just the layout of the store, something
20 like that.  Because that's principally what it is.  Years
21 ago, I would go and do the investigation.  But then I end up
22 being the witness and I'm no longer the attorney.
23         THE COURT:  Yeah.
24         MR. LEVINE:  Your Honor, obviously, the government
25 would comment on an application that is made.  I would offer

```
 1  that the defendant has retained counsel.
 2          THE COURT: I understand that. Okay, well, let's
 3  set a briefing schedule. Any defense motions are due by
 4  August 13, 2001. The government's response is due by August
 5  20, 2001. Reply by the defense, if any, is due by August
 6  23, 2001. I'm going to schedule a status conference for
 7  August 27, 2001, 9:30.
 8          Now, what do we do about Mr. Jefferson?
 9          MR. LEVINE: Your Honor, I will inform Ms. Hays of
10  this. And I imagine that given the oversight she won't have
11  an objection to any of this. But, if there is one, I will
12  her call and notify the Court promptly.
13          THE COURT: Okay, is there any objection to any of
14  this? And I'm going to exclude the time since there's no
15  objection to that. I'll exclude the time between today and
16  August 27, 2001 in the interest of justice for purposes of
17  discovery, plea negotiations and the making of any motions
18  that counsel believes is appropriate. Thank you.
19          MS. NEWMAN: Thank you very much, your Honor.
20          MR. LEVINE: And I'll just put on the record, your
21  Honor, that if, in fact, we still are involved in this by
22  the 27th, the government would request a relatively short
23  date for trial after the motion.
24          THE COURT: I'll set a trial date at that point if
25  there needs to be a trial, I'll be in a better position to
```

```
 1  know when I'm available to try the case.
 2          MR. LEVINE:  Thank you.
 3          THE COURT:  Have a good summer.
 4          MR. SHAW:  Thank you, your Honor.
 5          * * * * * * * * * * * * *
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

18    I certify that the foregoing is a correct transcript
19 from the electronic sound recording of the proceedings in
20 the above-entitled matter.

*[signature]*

25 ELIZABETH BARRON                              August 15, 2005